### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>ALBERT RAGGE, JR.<br><br>Debtor | Chapter 11<br>Case No. 18-10208-MSH |

**ORDER ON EXPEDITED MOTION OF DEBTOR TO VACATE ORDER OF DISMISSAL**

This case was dismissed on May 1, 2018, on the unopposed motion to dismiss of the United States trustee filed on March 28, 2018. The motion set forth a number of grounds for dismissal, including the failure of Mr. Ragge, the debtor in this case, to file the financial report of his company, Magic Mountain Water Coolers, Inc., as required by Fed. R. Bankr. P. 2015.3(b). The court set April 23, 2018 as the deadline for responses to the motion. Mr. Ragge sought and was granted an extension of time until April 30, 2018, to respond to the motion. No response was filed by the extended deadline and on May 1, 2018, the motion was granted.

Mr. Ragge now seeks vacatur of the order dismissing his case. The sole basis for his request is that his counsel, David G. Baker, "prepared an objection and believed that it had been filed timely. Based on the orders entered today, however, it appears that the filing was not completed, for reasons unknown."

Whether I apply an excusable neglect standard under FRBP 9024 or a good cause standard under FRBP 7055, Mr. Ragge's motion fails to offer satisfactory grounds for vacating my prior order. Mr. Ragge's excuse for not filing his response by the deadline he himself had requested is that the response was not filed on time "for reasons unknown." As the Supreme

1

Court has instructed, even if a party's failure to act was the result of neglect, that failure must be excusable. *Pioneer Inv. Services Co. v. Brunswick Associates Ltg. Partnership*, 507 U.S. 380, 395 (1993). That "determination is at bottom an equitable one. . ." that considers, among other things, the movant's good faith. *Id.* Without an explanation of the reason he failed to respond to the United States trustee's motion, it is impossible to determine whether that failure was the result of excusable neglect or some other reason constituting good cause. I can only assume from Mr. Ragge's obtuse and somewhat flippant excuse that there is no explanation. Without an explanation there is no excuse, hence no basis to allow Mr. Ragge's motion. It's as simple as that.

There is a second reason to deny Mr. Ragge's motion—futility. Along with his motion Mr. Ragge filed a proposed response to the United States trustee's motion to dismiss in which he admits that he has still not filed the financial report for his company, Magic Mountain Water Coolers, Inc. as required by Fed. R. Bankr. P. 2015.3 but states that it "will be prepared and filed as soon as possible." The rule requires that the report be filed no later than seven days before the date first set for the meeting of creditors pursuant to Bankruptcy Code § 341 and at least every six months thereafter. In this case the deadline for filing the first report was February 14, 2018. Mr. Ragge has never sought an extension of time to file the report.

Mr. Ragge has repeatedly represented during multiple hearings in this case that his ability to propose a confirmable plan of reorganization depends on his expectation of substantial income generated from Magic Mountain. At an evidentiary hearing on Mr. Ragge's motion to extend the automatic stay pursuant to Bankruptcy Code § 363(c) on February 13, 2018, Mr. Ragge testified that this chapter 11 case had been filed in good faith because Magic Mountain was highly

profitable and would pay him enough money to fund his reorganization plan. He was unable, however, to provide any credible testimony or documentary evidence to show that Magic Mountain was making a profit, never mind paying him a substantial salary. As a result, I denied his motion to extend the automatic stay. He raised the same argument in opposing the motion for relief from stay of Webster Bank, to whom he had not made a mortgage payment since 2007, until I ordered him to begin making adequate protection payments as of January, 2018. The point is that the financial condition of Magic Mountain is central to the viability of this case and Mr. Ragge's failure to file the Rule 2015.3 report that would provide this critical information to the court and his creditors after all this time would be grounds for dismissal. Thus, even if I granted his motion to vacate the dismissal, based on Mr. Ragge's proposed response to the United States trustee's motion, I would dismiss this case anyway. *See In re Repurchase Corp.*, 332 B.R. 336, 345 (Bankr. N.D. Ill. 2005) (citing *Viper Mining Co. v. Diversified Energy Venture (In re Diversified Energy Venture)*, 311 B.R. 712 (Bankr. W.D. Pa. 2004) (order dismissing chapter 11 case should not be vacated when it is highly unlikely debtor can effectively reorganize), *aff'd sub nom. Repurchase Corp. v. Bodenstein*, No. 04 B 32933, 2008 WL 4379035 (N.D. Ill. Mar. 24, 2008). "A case should not be reinstated simply because the debtor is now ready to remedy a problem that led to the dismissal." *Repurchase Corp.*, 332 B.R. at 345.

The motion to vacate the dismissal is DENIED.

Dated: May 2, 2018                                                                  By the Court,

                                                                                    _____
                                                                                    Melvin S. Hoffman
                                                                                    U.S. Bankruptcy Judge